UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | 12-CR-712 (SHS) |
| JOSE CAPRIATA, | 16-CV-4649 (SHS) |
| Defendant. | <u>OPINION & ORDER</u> |

---------------------------------------------------------

SIDNEY H. STEIN, U.S. District Judge.

Defendant Jose Capriata moves under 28 U.S.C. § 2255 to vacate his conviction for a violation of 18 U.S.C. § 924(c), which prohibits the use or possession of a firearm during a crime of violence or drug trafficking offense. (Def.'s Mot. at 1, ECF No. 701.) In doing so, he relies on the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (*Id.* at 2.) The government does not oppose this motion. (*Id.* at 1.) Because the Court agrees that Capriata's section 924(c) conviction is unconstitutional, the Court vacates his conviction on that count.

**I.  BACKGROUND**

On March 10, 2014, Jose Capriata pleaded guilty to conspiracy to commit murder-for-hire in violation of 18 U.S.C. § 371. For that offense, the Court sentenced Capriata to 60 months' incarceration. (J., ECF No. 559.) Capriata also pleaded guilty to discharge of a firearm in connection with the murder-for-hire conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (2). (Tr., ECF No. 376.) Section 924(c) authorizes an enhanced sentence where a defendant, "during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). If the defendant discharges the firearm, as Capriata did, the mandatory minimum sentence rises to ten years. *Id.* § 924(c)(1)(A)(iii).

Section 924(c)(3) defines a predicate "crime of violence" for purposes of 18 U.S.C. § 924(c)(1)(A) as offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is commonly known as the "elements" clause; section 924(c)(3)(B) is known as the "residual" clause. *Davis*, 139 S. Ct. at 2324. In accordance with section 924(c), the Court sentenced Capriata to 120 months' incarceration in addition to the 60 months for conspiracy to commit murder-for-hire. (J., ECF No. 559.)

In *Johnson v. United States*, the United States Supreme Court struck down a residual clause in the Armed Career Criminal Act—a residual clause similar to the residual clause of section 924(c)—as unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591, 606 (2015). In *Welch v. United States,* the Supreme Court pronounced this change to have "retroactive effect . . . in cases on collateral review." 136 S. Ct. 1257, 1265 (2016). Capriata filed a section 2255 motion based on *Johnson* and *Welch* on June 17, 2016. (Def.'s Mot., ECF No. 614.) Pursuant to a standing order in the Southern District of New York, the Court stayed this motion and directed that the motion should be supplemented on a future date after the Second Circuit had "clarif[ied] the application of *Johnson* to particular issues." (Standing Order, ECF No. 615.) While Capriata's motion was stayed, the Supreme Court decided *Davis*, striking down section 924(c)(3)(B) as unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. On September 25, 2020, the Court lifted the stay and set a briefing schedule on Capriata's section 2255 motion. (Order, ECF No. 693.)

## II.  DISCUSSION

Capriata correctly argues that in light of *Davis*, the residual clause of 924(c)(3) is no longer good law and cannot support his section 924(c)(1)(A)(iii) conviction. A federal crime, however, "may still serve as a predicate offense under section 924(c)(3) if it falls under the definition found in the elements clause—that is, if it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *United States v. Gomez*, No. 15-CR-535, 2020 WL 5750469, at *3 (S.D.N.Y. Sept. 25, 2020) (quoting 18 U.S.C. § 924(c)(3)(A)). The issue before the Court is thus whether Capriata committed a predicate "crime of violence" that meets the requirements of section 924(c)(3)(A).

Pursuant to the superseding information, the sole predicate offense for Capriata's section 924(c)(1)(A)(iii) conviction was conspiracy to commit murder-for-hire in violation of 18 U.S.C. § 371. (Superseding Information, ECF No. 359.) The Second Circuit, however, has counseled courts to look beyond the indictment and information in determining whether a valid section 924(c) predicate exists. *See Johnson v. United States*, 779 F.3d 126, 129 (2d Cir. 2015). In fact, the Second Circuit has concluded that section 924(c) "does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed." *Id.* (citations omitted). In determining whether legally sufficient proof exists,

courts in this district look to "the conduct to which a defendant allocutes in the course of pleading guilty." *Clayton v. United States*, 456 F. Supp. 3d 575, 579 (S.D.N.Y. 2020).

In the course of his plea, Capriata admitted to the conduct underlying his section 924(c) count solely in connection with conspiracy to commit murder-for-hire. He did not admit to discharging a firearm in connection with any other predicate offense, and the government has not argued that any alternate predicate offense applies. (*See* Tr. at 12-13, ECF No. 376.) Without more, Capriata's admissions are legally sufficient only to establish the predicate offense of conspiracy to commit murder-for-hire. *See Clayton*, 456 F. Supp. 3d at 579 (analyzing defendant's plea allocution and finding no "legally sufficient proof" that the defendant committed attempted Hobbs Act Robbery in addition to conspiracy to commit Hobbs Act robbery); *see also Aquino v. United States*, No. 13-CR-536, 2020 WL 1847783, at *2 (S.D.N.Y. Apr. 13, 2020) (rejecting alternate basis for a section 924(c) predicate where the defendant did not "admit or allocute" to the elements of the alternate offense during his plea). Thus, for Capriata's conviction to stand, conspiracy to commit murder-for-hire must be a "crime of violence" under section 924(c)(3)(A)—a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

In determining whether an offense is a "crime of violence" for purposes of section 924(c)(3)(A), "courts employ what has come to be known as the 'categorical approach.'" *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). In applying this approach, courts must "consider the minimum conduct necessary for a conviction of the predicate offense," then "consider whether such conduct amounts to a crime of violence." *Id.* at 56. The inquiry is "focus[ed] on the intrinsic nature of the offense rather than on the circumstances of the particular crime." *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006). As such, "there must be 'a realistic probability, not a theoretical possibility,' that the statute at issue could be applied to conduct that does not constitute a crime of violence." *Hill*, 890 F.3d at 56 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

Applying the categorical approach, the Court finds that conspiracy to commit murder-for-hire under section 371 is not a "crime of violence" for purposes of section 924(c)(3)(A). Section 371 provides:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of such conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371. The Second Circuit has defined the elements for necessary to prove conspiracy as follows: "(1) an agreement among the conspirators to commit an offense;

3

(ii) specific intent to achieve the objective of the conspiracy; and (3) usually, an overt act to effect the object of the conspiracy." *United States v. Pinckney*, 85 F.3d 4, 8 (2d Cir. 1996) (citing *United States v. Montour*, 944 F.2d 1019, 1024 (2d Cir. 1991)).

The "minimum conduct necessary" to convict a defendant of conspiracy to commit murder-for-hire thus consists of an agreement and an overt act in furtherance of the agreement. Because the overt act in furtherance of the conspiracy and the agreement need not involve physical force, whether real, attempted, or threatened, this conduct does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another" as the elements clause of section 924(c)(3)(A) requires. *See United States v. Lloyd*, No. 10-CR-622, 2020 WL 4750241, at * 7 (E.D.N.Y. Aug. 17, 2020) (analyzing 18 U.S.C. § 371 and concluding that "[t]he text of the statute demonstrates that the minimum conduct necessary for a conviction does not implicate the use, attempted use, or threatened use of force when a person performs 'any act' to effect the object of a conspiracy"); *see also United States v. Peña*, No. 9-CR-341, 2020 WL 7408992, at *3 (S.D.N.Y. Dec. 17, 2020) (assuming that conspiracy to commit murder for hire is not a crime of violence after *Davis*); *Vilar v. United States*, No. 96-CR-551, 2020 WL 85505, at *1 (S.D.N.Y. Jan. 3, 2020) (noting the government's concession that "under *Davis*, [a] conspiracy count does not qualify as a crime of violence and therefore cannot serve as a § 924(c) predicate").

This finding is consistent with the Second Circuit's decision in *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019). In that case, the Second Circuit applied the categorical approach to conspiracy to commit Hobbs Act Robbery, finding that offense did not qualify as a "crime of violence" under section 924(c)(3)(A). *Barrett*, 937 F.3d at 129; *see also United States v. Bonner*, 826 F. App'x 52, 56 (2d Cir. 2020) ("Following *Davis*, this Court concluded that Hobbs Act robbery conspiracy does not qualify as a § 924(c) crime of violence under § 924(c)(3)(A)."). The Second Circuit, however, had previously held that "substantive Hobbs Act robbery qualifies as a section 924(c) predicate offense under the elements clause." *Gomez*, 2020 WL 5750469, at *3 (emphasis omitted) (quoting *Hill*, 890 F.3d at 54-56, 56 n.7). The Second Circuit's decision in *Barrett* to treat *substantive* Hobbs Act Robbery differently than *conspiracy* to commit Hobbs Act Robbery thus supports the Court's conclusion that conspiracy to commit murder for hire cannot serve as a predicate crime under the section 924(c) elements clause. *See also Qadar v. United States*, No. 00-CR-603, 2020 WL 3451658, at *2 (E.D.N.Y. June 24, 2020) (rejecting conspiracy to commit 18 U.S.C. § 1958 murder-for-hire as a predicate offense).

### III. CONCLUSION

Because the Court concludes that conspiracy to commit murder-for-hire cannot serve as a predicate "crime of violence" for purposes of section 924(c)(3)(A), the Court grants Capriata's section 2255 petition and vacates Capriata's section 924(c) conviction.

The parties shall make any submissions on or before April 5; the resentencing will be held remotely on April 19 at 4:00 P.M.

Dated:  New York, New York
        March 29, 2021

SO ORDERED

*Sidney H. Stein* (signature)

SIDNEY H. STEIN
U.S.D.J.